[Papot v. Barbour.]

# Papot *v.* Barbour.

## *Assumpsit.*

(Decided Feb. 10, 1910.   51 South. 725.)

1. *Contracts; Performance; Acceptance.*—Where the building contract provided that the work was to be approved and accepted by the architect, the contractor could not recover for work done until it was approved and accepted by the architect.

2. *Pleading; Re-pleader.*—Plaintiff will not be awarded a repleader after a demurrer to defendant's plea has been overruled.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by G. W. Papot against Ben F. Barbour. From a judgment for defendant, plaintiff appears. Affirmed.

The complaint contained four counts; the first three being on the common counts, and the other declaring on a breach of contract, for the building of a house. The second plea was as follows: "That under the terms of such contract the work was to be approved and accepted by D. O. Whilldin, architect, and that the said plaintiff has never secured the acceptance and approval of. the said D. O. Whilldin, architect." This plea was preceded by setting out the contract, and the admission by the defendant of the execution of said contract. Demurrers were interposed to this plea, and overruled. Subsequently motion was entered for a repleader by the plaintiff, which motion was denied.

DENSON & DENSON, for appellant.—A written contract may be altered or modified by parol agreement without any further consideration than that of mutual assent.—*Andrews v. Tucker,* 127 Ala. 602; *Badders v. Davis,* 88 Ala. 376.   Where builders are ordered to do

extra work they are entitled to extra compensation therefor.—95 Ala. 348; 6 Cyc. 76. It follows that the evidence was improperly excluded. The court erred in allowing the architect to state how much the de: fendant was damaged.—*S. A. L. Ry. v. Brown,* 48 South. 48: The court should have granted the motion for repleader.—*Schlaff v. L. & N.,* 100 Ala. 388. A plea which fails to answer the whole complaint is bad. —*McNamara v. Logan,* 100 Ala. 196; *City D. Co. v. Henry,* 139 Ala. 167. Under the evidence this case should have been submitted to the jury.—*Aarnes v. Wyndham,* 137 Ala. 520.

A. LATADY, for appellant.—No brief came to the Reporter.

McCLELLAN, J.—Plea 2, wherein it was averred that the approval and acceptance of the work plaintiff had engaged to do should be by the architect named in and as provided by the contract, which had not been had, was conclusively proven; and hence the court properly gave the affirmative charge for the defendant on that theory.

Plaintiff's motion for repleader sought a new pleading, notwithstanding he had interposed a demurrer to plea 2, which was overruled. Repleader will not be awarded after demurrer.—18 Ency. Pl. & Pr. 492; *Staple v. Heydon,* 6 Modern, Case 1; Andrews' Stephens Pl. pp. 186, 87; *Potter v. Titcomb,* 7 Greenl. (Me.) 302; note "e" to *Stafford v. Albany,* 6 Johns. (N. Y.) 5.

None of the rulings on the evidence related to the matter bearing on the averments of plea 2. The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., Concurs, MAYFIELD and SAYRE, JJ., concur in the conclusion.